## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHERROD BRUMFIELD**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 18-8775**

**ROBERT TANNER, WARDEN**                                **SECTION: "S"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED IN PART WITH PREJUDICE AS TIME-BARRED AND IN PART WITHOUT PREJUDICE AS UNEXHAUSTED**.

#### Procedural History

Petitioner, Sherrod Brumfield, is a convicted inmate incarcerated at the Rayburn Correctional Center in Angie, Louisiana.    On July 20, 1999, he was charged by bill of information with two counts of armed robbery, two counts of second-degree kidnapping, one count of attempted simple burglary of an inhabited dwelling, and one count of

possession of stolen things valued over $500.[1]    His co-defendant, Bron Taplin, was charged

with two counts of armed robbery and two counts of second-degree kidnapping arising from

the same incidents.    On August 19, 1999, defense counsel filed various pretrial motions,

including motions to suppress; a motion for bill of particulars, discovery, and inspection; a

motion for a preliminary examination; and a motion for production of the initial police

report.[2]    The hearing was scheduled for August 20, 1999.    Defense counsel received

police reports the day of the hearing.    Despite problems expressed by both the State and

the defense in proceeding on the motions, the trial court stated no continuance would be

allowed and the matter proceeded as scheduled.[3]    On August 24, 1999, the hearing

concluded and the motions to suppress were denied and probable cause found to

substantiate the charges.[4]  The trial court denied defense counsel's motion to sever counts

five and six and her request that another attorney be appointed to represent one of the

defendants for trial due to a conflict of interest.[5]    That same day, both defendants withdrew

---

[1]  State Rec., Vol. 1 of 12, Bill of Information, Orleans Parish.

[2]  State Rec., Vol. 5 of 12.

[3]  State Rec., Vol. 7 of 12, See Exhibit T, Louisiana Fourth Circuit Writ No. 2009-K-177, Transcript, 8/20/99, pp. 8-13. All trial court proceedings and most of the post-conviction proceedings were held before Judge Frank Marullo, Jr.

[4]  State Rec., Vol. 6 of 12, See Exhibit U, Louisiana Fourth Circuit Writ No. 2009-K-177, Transcript, 8/24/99, p. 23.

[5]  State Rec., Vol. 6 of 12, Transcript, 8/24/99, p. 24.

their former pleas of not guilty and entered pleas of guilty as charged. Taplin was sentenced to 15 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence on each count, to run concurrently. Brumfield was sentenced on the armed robbery charge to 25 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The State filed a habitual-offender bill that same date, and Brumfield admitted to the prior felony conviction. The trial court imposed an enhanced sentence of 49 1/2 years' imprisonment.[6] He did not appeal the conviction or sentence.

On or about September 9, 1999, defense counsel, Christine Changho, filed a motion to reconsider Brumfield's sentence.[7] Although the record reflects that a hearing was set for October 1, 1999, no minute or docket entry exists for that date. On March 23, 2000, attorney, D. Majeeda Snead, on behalf of Brumfield, filed a motion to withdraw the guilty plea.[8] The docket master reflects that Snead also filed a motion to reconsider the sentence, but no such motion appears anywhere in the state-court record. A hearing was scheduled

---

[6] State Rec., Vol. 6 of 12, Transcript 8/24/99 (Brumfield Sentencing); State Rec., Vol. 4 of 12, Form-Plea of Guilty; Multiple Offender Bill of Information; *see also* State Rec., Vol. 1 of 12, Minute Entry, 8/24/99. The transcript includes mention of one armed robbery count with an enhanced sentence and includes no discussion with respect to the sentences imposed on the other five counts.

[7] State Rec., Vol. 5 of 12, Motion to Reconsider the Sentence (Changho).

[8] State Rec., Vol. 2 of 12, Motion to Withdraw Guilty Plea (Snead).

for March 31, 2000.    At the hearing, Snead called defense counsel Changho, Brumfield and his mother.[9]    The matter was submitted with the motion held open and a date provided for the defense and State to file memoranda.    On May 5, 2000, the hearing concluded with the trial court stating it was denying the motion to reconsider.[10]    Defense counsel noted an objection and intent to appeal, and the record includes a written notice of appeal from the denial of the motion to set aside the guilty plea; however, no appeal or writ was ever pursued.[11]

At this point, the state-court record gets murky and the litigants' procedural histories diverge somewhat.    Brumfield claims that his counsel filed an application for post-conviction relief on December 4, 2003.    However, no such application appears of record, even though the earliest mention of post-conviction relief in the Docket Master and the minute entries does begin with the appearance of counsel, Clifton Stoutz, on Brumfield's behalf, on December 4, 2003.    According to the State, counsel filed an application for post-conviction relief on August 25, 2006.    An entry dated August 25, 2006 reflects the filing of

---

[9]  State Rec., Vol. 1 of 12, Minute Entry, 3/31/2000; State Rec., Vol. 6 of 12, Transcript of Hearing, 3/31/2000, attached as Exhibit Y to Fourth Circuit Writ No. 2009-K-177.

[10]  State Rec., Vol. 2 of 12, Transcript, 5/5/2000.    Although the transcript begins with Ms. Snead referencing the motion to set aside a guilty plea that had previously been heard, the trial court ruled on the record that it was denying the "motion to reconsider." *See also*, Docket Master and Minute Entry, 5/5/2000, State Rec., Vol. 1 of 12.

[11]  State Rec., Vol. 5 of 12, Motion for Appeal.

a uniform application for post-conviction relief, but no application appears of record.    A hearing took place on June 25, 2007, at which time the trial court agreed with defense counsel that it had not informed Brumfield of the two-year time-period in which to seek post-conviction relief.[12]    The trial court notified him that he had two additional years from the date of the hearing within which to seek post-conviction relief.    The State objected on grounds that state law did not allow the grant of an additional two years simply because the trial court failed to inform him of the time-period at sentencing.    Although the record reflects that the State considered supervisory review, no formal notice of intent was ever filed.

On June 18, 2008, Brumfield filed an application for post-conviction relief with the state district court.    A minute entry dated June 18, 2008 reflects the filing of an application for post-conviction relief; however, only an undated copy of this post-conviction application from the Assistant District Attorney's records is contained in the state-court record (attached as Exhibit C to the State's Writ No. 2009-K-177, State Rec., Vol. 7 of 12).    The application raised five claims for relief:    (1) petitioner's plea and sentence violated the law of double jeopardy; (2) he was not adequately advised of his rights during the guilty plea colloquy; (3) his original sentence that was imposed before the multiple-offender sentence was never vacated; (4) he was never advised of his right to remain silent or his right to have

---

[12]  State Rec., Vol. 6 of 12, Exhibit Z to Fourth Circuit Writ No. 2009-K-177, Transcript, 6/25/07.

the state prove he was a multiple offender before admitting his habitual-offender status; and (5) defense counsel had divided loyalties when representing Brumfield and his co-defendant. On August 1, 2008, the trial court denied relief summarily on some issues, but ruled that an evidentiary hearing was necessary on the remaining claims, including the claim of ineffective assistance/conflict of counsel.    On October 3, 2008, an evidentiary hearing was held during which Taplin and Brumfield provided testimony; the matter was held open for Changho's testimony.    On October 9, 2008, following Changho's testimony, the trial court granted relief on the conflict of interest claim.    The State's request for a stay was denied.

On January 25, 2009, Brumfield filed a "Motion for Habeas Corpus Relief or in the alternative Motion for Discharge" with the Louisiana Fourth Circuit Court of Appeal stemming from the October 9 ruling, suggesting he should be released because the State did not timely file a new bill of information.[13]    On February 13, 2009, the State filed its own related supervisory writ application.[14]    On April 8, 2009, the Louisiana Fourth Circuit denied Brumfield relief from the district court's ruling that was not yet final and still pending supervisory review in the court of appeal on the State's writ application.[15]    On May 14,

---

[13]  State Rec., Vol. 6 of 12, Motion for Habeas Corpus Relief, or in the alternative, Motion for Discharge, 1/25/09 (attached to Fourth Circuit Writ No. 2009-K-0120).

[14]  State Rec., Vol. 7 of 12, Louisiana Fourth Circuit Writ No. 2009-K-0177.

[15]  State Rec., Vol. 6 of 12, Louisiana Fourth Circuit Writ No. 2009-K-0120.

2009, the court of appeal denied the State's application for supervisory writ.[16]    The State challenged that ruling and requested a stay in a related supervisory writ application filed with the Louisiana Supreme Court.[17]    On September 2, 2009, the Louisiana Supreme Court vacated the stay it had granted and granted the State's writ.    The Court found that Brumfield's post-conviction application was time-barred despite the attempt by the trial court in June 2007 to grant Brumfield an additional two years to seek post-conviction relief. The Louisiana Supreme Court explained:

> Respondent's conflict-of-interest claim, based on facts known to him at the time he entered his guilty pleas, does not otherwise fall within any of the exceptions to the time limit enumerated in art. 930.8(A) and is therefore time barred as a matter of La. C.Cr.P. art. 930.8(A).[18]

The Louisiana Supreme Court reversed the trial court's grant of relief and reinstated the conviction and habitual-offender sentence.

On March 31, 2010, Brumfield filed a motion to correct an illegal sentence with the state district court.[19]    He argued that the habitual-offender sentence was imposed illegally without vacating the original 25-year sentence for armed robbery.    Furthermore, the

---

[16] State Rec., Vol. 7 of 12, *State v. Brumfield*, 2009-K-177 (La. App. 4th Cir. May 14, 2009).

[17] State Rec. Vol. 10 of 12, Louisiana Supreme Court Writ No. 2009-KP-1084.

[18] *State v. Brumfield*, 2009-KP-1084 (La. 9/2/09), 16 So.3d 1161, *reh'g denied*, 22 So.3d 175 (La. 11/25/09).

[19] State Rec., Vol. 8 of 12, Motion to Correct Illegal Sentence; *see also* State Rec., Vol. 1 of 12, Docket Master Entry, 3/31/10.

sentence was not specific regarding the other five counts to which he pleaded guilty or whether the sentences would run concurrently.    On September 20, 2011, the trial court resentenced Brumfield as follows:

> As to the count where he was multiple billed on the 15:529.1, the sentence remains the same. It is forty-nine and a half years under the multiple bill. That remains the same.

> As to the other armed robbery, that count, it is a twenty-five year sentence running concurrent with the forty-nine and a half.

> As to the–that's the one without the multiple bill, so he gets good time for that.

> As to the burglary of an inhabited dwelling, he gets six years—and that is an attempted burglary of an inhabited dwelling, and that is six years to run concurrent with all of his other sentences.

> And, as to the two counts of second degree kidnaping, that goes up to forty years, and he is going to get twenty-five years on each one of them, and they are to run concurrent with each other, and all sentences are then to run concurrently with each other.

>                    *    *    *

> For the possession of stolen property, he receives a ten year sentence and that is to run concurrent with the rest of them.[20]

The trial court agreed that as to the five counts on which he was recently resentenced, the two years for post-conviction would begin, but not for the habitual-offender sentence.[21]    No

---

[20]  State Rec., Vol. 8 of 12, Transcript, 9/20/11, p. 11.

[21]  *Id.* at 12-13.    The trial judge recalled that he always first vacates the previous sentence before imposing an enhanced sentence, but "in the event it hasn't been done already," he repeated his "intention to withdraw the previous sentence and he keeps the

objections were raised.

On September 14, 2012, the trial court resentenced Brumfield on the multiple-offender charge stemming from the armed robbery.[22]     The trial court vacated the sentence on the armed robbery and re-sentenced him under the multiple-bill statute.     He imposed the sentence to run concurrent with all other sentences and with credit for time served. The trial court advised that as to this sentence he has two years for post-conviction relief. Defense counsel agreed that with respect to the other five counts, the two-year period started from the resentencing on September 20, 2011.     The State noted its objection to the time for post-conviction on the multiple offender sentence running anew from this date; however, the State did not file a writ application challenging the ruling.

On September 20, 2012, Brumfield filed an application for post-conviction relief asserting his claim of ineffective assistance of counsel based on a conflict of interest.[23]     The State filed procedural objections to the post-conviction application arguing that it was time-barred and repetitive.     Brumfield countered that the application was filed timely within two years from the date his conviction and sentence became final (i.e. 30 days after the September 2011 resentencing).     On May 1, 2013, the district court held a hearing and

---

same sentence of forty-nine and a half years under the multiple bill as to that count and that count only." *Id*. at 14.

[22]  State Rec., Vol. 8 of 12, Transcript, 9/14/12.

[23]  State Rec., Vol. 8 of 12, Post-Conviction Relief Application.

denied the State's procedural objections.[24]    The district court did not rule on the merits of

the claims raised by Brumfield.    The district court granted the State's motion to stay the

proceedings and gave the State time to seek writs on the procedural issue.    On June 3, 2013,

the State filed a supervisory writ application with the Louisiana Fourth Circuit.    The court

of appeal found no abuse of discretion in the trial court's ruling and denied the writ.[25]    On

November 14, 2014, the Louisiana Supreme Court granted the State's related supervisory

writ application in part and denied it in part.[26]    The Court determined that "the appellate

court erred to the extent that it upheld the trial court's denial of the state's procedural

objections as to the count of armed robbery carrying respondent's habitual offender

sentence."    The Court held:

> The post-conviction time limitations period did not begin to run anew when
> the district court vacated the habitual offender sentence originally imposed in
> 1999 and resentenced respondent in 2012 to the same term.    As noted in our
> prior decision, respondent's window of opportunity for collaterally attacking
> the one armed robbery conviction supporting the habitual offender sentence
> had fully closed by the time respondent filed his first application in 2008
> asserting a conflict-of-interest "based on facts known to him at the time he
> entered his guilty pleas," and not "otherwise fall[ing] within any of the
> exceptions to the time limit enumerated in art. 930.8."    That window did not
> reopen when the trial court corrected its error in 1999 by finally imposing
> sentence on the remaining counts in 2011, without objection by the state, and

---

[24]  State Rec., Vol. 8 of 12, Transcript, 5/1/13, pp. 13-16.

[25]  State Rec., Vol. 8 of 12, *State v. Brumfield*, 2013-K-0765 (La. App. 4th Cir. Sept. 17, 2013) (Bonin, J., dissents).

[26]  State Rec., Vol. 12 of 12; *State v. Brumfield*, 2013-KP-2390 (La. 11/14/14), 152 So.3d 870, *reh'g denied*, 162 So.3d 393 (La. 4/2/15). The Appendix (Volume II) to Louisiana Supreme Court Writ No. 13-KP-2390 may be found at Supplemental Vol. 1 of 1.

> thereby gave respondent an opportunity to collaterally attack *those* convictions.

*Brumfield*, 152 So.3d at 871.    Thus, the Court granted the State's writ to the extent it ruled that Brumfield's claim related to the armed robbery conviction supporting the habitual-offender adjudication and the sentence was time-barred.    The writ was denied in all other respects.

On April 8, 2016, Brumfield, represented by Graham Bosworth and Autumn Town, filed a motion to supplement his 2000 application for post-conviction relief with the state district court.[27]    Brumfield argued that his motion to withdraw his guilty plea based on ineffective assistance and a conflict of counsel had been timely filed in 2000, but was never ruled upon, and he sought to supplement that post-conviction motion.    He raised a claim of ineffective assistance due to conflicted counsel and a supplemental claim that he was denied due process.    The State opposed the application on procedural grounds.    The trial court, Jerome Winsberg, Judge Pro Tempore presiding, held a hearing on June 29, 2016.    The court ruled only on the procedural aspect of the proceedings that the matter was not time-barred and allowed the State to take a writ on that issue.

The State filed a notice of intent and timely filed a writ application with the Louisiana Fourth Circuit Court of Appeal challenging the ruling.    The court of appeal agreed with the

---

[27] State Rec., Vol. 9 of 12. All briefs, transcripts and rulings associated with this post-conviction motion are attached to Louisiana Fourth Circuit Court of Appeal Writ No. 2016-K-0874.

State and reversed the ruling of the trial court. The appellate court reasoned, "as the Louisiana Supreme Court has twice denied defendant's attempts to vacate his guilty plea as not timely filed, he should not be allowed the opportunity to amend or supplement his application."[28] Brumfield timely filed a related supervisory writ application with the Louisiana Supreme Court.[29] On March 23, 2018, the Louisiana Supreme Court issued a one-word denial.[30]

On September 19, 2018, Brumfield filed his federal application for habeas corpus relief.[31] In his federal petition, he claims that he was denied his due process right to conflict-free and effective counsel and to a fair trial. The State's response alleges that the federal application is not timely and the claims are procedurally defaulted.[32] For the reasons that follow, Brumfield's petition was not timely filed with respect to the armed robbery conviction with enhanced sentence, and the claim with respect to that conviction should be dismissed with prejudice as time-barred. However, with respect to the other five convictions and sentences, to the extent he has raised claims related to those, his claims

---

[28] State Rec., Vol. 9 of 12, *State v. Brumfield*, 2016-K-0874 (La. App. 4th Cir. Nov. 2, 2016) (Bonin, J., concurs with reasons).

[29] State Rec., Vol. 11 of 12, Louisiana Supreme Court Writ No. 16-KP-2116.

[30] *State v. Brumfield*, 2016-KP-2116 (La. 3/23/18), 238 So.3d 979, *reh'g not considered*, 245 So.3d 1047 (La. 6/1/18).

[31] Rec. Doc. 1, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.

[32] Rec. Doc. 11.

are timely, but unexhausted, and should be dismissed without prejudice.

## Analysis

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court (*i.e.*, the petitioner must have exhausted state-court remedies and the claim must not be in "procedural default"). *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In general, Section 2244(d)(1)(A) of the AEDPA provides that a federal petition for writ of habeas corpus must be filed within one year after the state-court judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."[33] 28 U.S.C. § 2244(d)(1)(A); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

The guilty pleas on each count were entered in 1999. Brumfield was then resentenced twice. His first resentencing occurred in September 2011, on five guilty-plea convictions for which no sentence had ever been imposed. He was then resentenced properly as a second-felony offender for one armed robbery conviction in September 2012. The State concedes that the relevant date for purposes of finality on the armed robbery conviction with enhanced sentence is the date on which Brumfield was properly resentenced

---

[33] Section 2244(d)(1) includes alternate provisions for other events that can trigger the commencement of the statute of limitations, which do not apply in this case.

as a multiple offender in connection with the challenged conviction.    *See Burton v. Stewart*, 549 U.S 147, 156 (2007) (for purposes of the limitations period, "[f]inal judgment in a criminal case means sentence.    The sentence is the judgment."); *see also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding that for purposes of AEDPA's statute of limitations, a petitioner's resentencing judgment is the relevant one, even if the habeas petition is directed only to earlier conviction).    The multiple-offender resentencing occurred on September 14, 2012.    Because he did not appeal from the resentencing, Brumfield's judgment of conviction became final 30 days later, on October 14, 2012, when the time to file an appeal expired.[34]    *See Barbee v. Cain*, Civ. Action No. 06-1605, 2008 WL 975048, at *11–12 (W.D. La. March 17, 2008) (finding a multiple offender's judgment of conviction was final when further review of petitioner's enhanced sentencing was no longer available under the *Burton* rationale); *Pierre v. Cain*, Civ. Action No. 04-3540, 2006 WL 2623337 (E.D. La. Sept. 11, 2006) (finding the petitioner's conviction became final and the AEDPA limitation period commenced when, after re-sentencing as multiple offender, the petitioner failed to file a motion for appeal within the time allotted by La. C.Cr.P. art. 914). Under a plain reading of the statute, the AEDPA one-year limitations period commenced on that date and expired on October 14, 2013.    Therefore, Brumfield's federal petition, filed in this Court on September 19, 2018, is untimely unless the deadline was extended through

---

[34]    Under Louisiana law, a criminal defendant has thirty (30) days to file a motion to appeal his conviction or sentence.    La. C.Cr.P. art. 914.

either statutory or equitable tolling.

The one-year limitations period is statutorily tolled during the time a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment is pending.    28 U.S.C. § 2244(d)(2).    To be considered "properly filed" for purposes of Section 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings, such as time limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)); *see also Williams v. Cain*, 217 F.3d 303, 306-308 & n. 4 (5th Cir. 2000).    A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' "    *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).    The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.    *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A few days after the multiple-offender resentencing, on September 20, 2012, Brumfield filed an application for post-conviction relief with the state district court.    The State correctly argues that the 2012 post-conviction application did not toll the federal one-year limitations period with respect to the armed robbery conviction underlying the multiple-offender sentence, because ultimately the Louisiana Supreme Court rejected the state post-conviction filing, insofar as it challenged the armed robbery conviction supporting the habitual-offender sentence, as time-barred under Louisiana Code of Criminal Procedure

article 930.8 and *State v. Glover*, 93-2330 (La. 9/5/95), 660 So.2d 1189.    *See Hamm v. Deville*, Civ. Action No. 15-5012, 2016 WL 8578101, at *6 (E.D. La. Apr. 20, 2016), *adopted*, 2017 WL 1079253 (E.D. La. March 22, 2017).    As the United States Supreme Court has expressly held, when a state post-conviction filing is rejected by the state court as untimely, it cannot be considered "properly filed" within the meaning of § 2244(d)(2).    *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).    The United States Supreme Court made it abundantly clear that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."    *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226).

As counsel have pointed out, the Louisiana Supreme Court's ruling of untimeliness was directed to the guilty-plea conviction for armed robbery underlying the enhanced sentence only, not the other five guilty-plea convictions for which he was first sentenced in September 2011. [35]    Indeed, the Louisiana Supreme Court *denied* the State's writ application on the procedural-objection ruling as it related to the other five convictions for which resentencing occurred in 2011, which enabled Brumfield to proceed with his post-conviction claims related to those convictions.    The transcript of the May 2013 hearing shows that the state district court expressly declined to rule on the merits of the post-conviction relief application, which to date remains pending and unresolved.    The State

---

[35]    *State v. Brumfield*, 2013-KP-2390 (La. 2014), 152 So.3d 870; Rec. Doc. 11, p. 5 n. 22; Rec. Doc. 1-2, p. 7.

construes the instant federal petition as challenging only the original guilty-plea conviction and enhanced sentence for armed robbery.[36]   The federal application itself somewhat refutes the limited construction.[37]   However, to the extent he may be challenging the other five convictions, as the State concedes, "Brumfield has not pursued his attack on these convictions [in the state courts], and to all appearances his claim against them in state court remains pending."[38]   Therefore, that post-conviction application continues to toll the federal one-year limitations period, which renders any claims as to those convictions and sentences timely.   Moreover, having construed the federal petition narrowly, the State's response has not raised the time bar (or procedural default) with respect to any claims challenging the other five convictions, which would appear to be timely because the limitations period to date remains tolled.

As such, however, the Court also notes that any claims regarding those five convictions, which have never been resolved on the merits in the state courts, remain unexhausted at this time.   28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).   The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions.   *O'Sullivan*,

---

[36]   Rec. Doc. 11, p. 9 n. 30.

[37]   *See* Rec. Doc. 1, Habeas petition, p. 2 (identifying date of conviction, sentencing and crimes for which convicted and sentenced).

[38]   Rec. Doc. 11, p. 5 n. 22.

526 U.S. at 844-45.    Thus, any claims related to those five guilty-plea convictions should be dismissed without prejudice until the state courts have had the opportunity to resolve the federal constitutional issues related to those convictions.

As for the armed robbery guilty-plea conviction and enhanced sentence, Brumfield argues he should be entitled to statutory tolling based on a purported still-pending motion to withdraw the guilty plea filed in 2000.    He argues that the trial court failed to rule on his motion to withdraw his guilty plea filed by counsel in 2000, and that the still-pending motion effectively tolled the federal limitations period for almost two decades.    However, his last round of state-court collateral review with new counsel, based on this same factual premise, was soundly rejected by the state courts.    Despite his best effort to "supplement" an alleged still-pending application for post-conviction relief, in order to challenge timely the guilty-plea conviction for armed robbery as a double offender, both the Louisiana Fourth Circuit and the Louisiana Supreme Court rejected the claim as time-barred.    The state courts of appeal flatly rejected his argument that any post-conviction application was still pending to timely supplement.    As the Louisiana Fourth Circuit determined, the motion to withdraw the guilty plea was, in fact, "fully litigated and denied" back in 2000, and the Louisiana Supreme Court denied Brumfield's related supervisory writ application without additional stated reasons.[39]    *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).    The state-court record

---

[39]  State Rec., Vol. 9 of 12, *State v. Brumfield*, 2016-K-0874 (La. App. 4th Cir. Nov. 2, 2016).

reasonably supports the state courts' factual determinations.

Brumfield's assertions are premised upon the trial court's statement at the end of the hearing that it was "denying the motion to reconsider," which he argues left the motion to withdraw the guilty plea still pending and unresolved.    Despite the docket and minute entries reflecting that Snead filed a motion to withdraw the guilty plea *and* a motion to reconsider sentence, no such motion to reconsider signed by Snead exists in the state court record.    The only motion to reconsider of record appears to have been signed and filed by Changho.    Regardless, the transcript shows that Snead proceeded on the motion to withdraw the guilty plea.    The trial court plainly considered the motion to withdraw the guilty plea filed by Snead after an evidentiary hearing at which Changho testified (3/31/00), and the transcript reveals that the basis of that motion upon which it was ruling was clear to the trial court before it ruled (5/5/00), despite any confusion engendered by the court's statement that it was denying the motion to reconsider.[40]    The state courts characterized the motion to supplement as an untimely post-conviction application, and this Court will not disturb the state courts' findings that no application was pending to supplement timely.

Furthermore, his April 2016 motion to supplement an earlier application for post-conviction relief (*i.e.*, motion to withdraw the guilty plea filed in 2000), which was filed more than two years after the one-year federal limitations period had run, could not possibly

---

[40]  State Rec., Vol. 10 of 12 (Transcript, 3/31/00); Vol. 2 of 12 (Transcript 5/5/00). *See also*, State Rec., Vol. 5 of 12, Motion for Appeal (Snead) of the ruling of May 5, 2000 denying the motion to set aside the guilty plea.

afford him any tolling benefit. *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).     Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler,* 533 F.3d at 318. Consequently, Brumfield had no properly filed post-conviction application pending during the applicable one-year federal limitations period, which continued to run uninterrupted and expired on October 14, 2013.     Accordingly, Brumfield has not shown that he is entitled to the benefit of any statutory tolling in this case.

The AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).     However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").     A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Brumfield has not alleged, much less shown, that he is entitled to equitable tolling under the circumstances.     The instant federal petition was filed 20 years after his guilty plea was entered and six years after his resentencing.     He was represented by several different

counsel of record on post-conviction review.     Even if alleged, attorney error or neglect is not considered an extraordinary circumstance.     *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).     The record shows an inexplicable lack of diligence on his part in filing a federal petition and no extraordinary circumstances that would warrant equitable tolling.[41]

For the reasons expressed, Brumfield's federal application challenging the armed robbery conviction and enhanced sentence was filed untimely after the one-year limitations period expired.     He has not established any basis for statutory or equitable tolling. Therefore, his federal habeas corpus petition as to that conviction should be dismissed with prejudice as untimely.[42]     With respect to the remaining five convictions, he has failed to exhaust available state remedies on his claims, and the federal application insofar as those convictions are concerned should be dismissed without prejudice for failure to exhaust.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Brumfield's application for federal habeas corpus relief be **DISMISSED IN PART WITH PREJUDICE** as untimely with respect to his claims

---

[41]  Brumfield makes no claim of actual innocence to avoid the limitations bar. And even if such a claim was available to him, despite the fact that he pleaded guilty to the offenses, *see, e.g., Kennedy v Tanner*, Civ. Action No. 14-655, 2015 WL 1758022, at *4 (E.D. La. Apr. 17, 2015), he has made no colorable showing that "serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."     *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[42]  Given the dispositive finding that the federal petition is untimely, the report does not address the additional consideration of procedural default based on the state-court procedural bar imposed under Louisiana Code of Criminal Procedure article 930.8.

challenging the guilty-plea conviction and enhanced sentence for armed robbery and **DISMISSED IN PART WITHOUT PREJUDICE** for failure to exhaust insofar as the claims challenge the remaining five convictions.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[43]

New Orleans, Louisiana, this __24th__ day of _____April_____, 2019.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[43]    *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.