# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERROD BRUMFIELD | CIVIL ACTION |
| VERSUS | NO. 18-8775 |
| ROBERT TANNER, WARDEN | SECTION: "S" (5) |

## ORDER AND REASONS

Before the court is petitioner Sherrod Brumfield's **Objection** to the Magistrate Judge's Report and Recommendation in this case. Rec. Doc. 14. In his Objection, Brumfield contends that the Magistrate Judge did not consider the fact that the Louisiana Supreme Court has failed to recognize the filing of a timely post-conviction relief application, specifically, petitioner's Motion to Withdraw Guilty Plea filed on March 23, 2000, which he argues tolled the period for filing his federal habeas petition. Petitioner is accurate that the Motion to Withdraw Guilty Plea was filed that date, and that the record includes no specific disposition of that motion.

However, as noted by the Magistrate Judge, the record reflects that a hearing on the Motion to Withdraw Guilty Plea was concluded on May 5, 2000. Unfortunately, in denying the motion, the trial court used imprecise language, stating that it was "denying the motion to reconsider." The undersigned has carefully reviewed the transcript of the May 5, 2000 hearing, and is satisfied that the ruling was intended to resolve, and did resolve, the Motion to Withdraw Guilty Plea. The court also notes that the Louisiana Court of Appeal, Fourth Circuit, in ruling on a related writ application, observed that "Defendant's Motion to Withdraw Guilty Plea was fully litigated and denied by the district court on May 5, 2000, when it denied his motion to re-consider. Further . . . the Louisiana Supreme Court has twice denied defendant's attempts to vacate his guilty plea as not timely filed. . . ."

Accordingly, despite the trial court's reference to petitioner's Motion to Reconsider when ruling on the Motion to Withdraw Plea on May 5, 2000, petitioner's motion did not remain pending so as to toll the limitations period for challenging the armed robbery conviction and enhanced sentence. Brumfield's request for relief with respect to those claims is thus time-barred.

Accordingly, the court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, the Objection, as well as petitioner's letter to the court dated May 5, 2019 (Rec. Doc. 15), hereby overrules the Objections and approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter, as supplemented by this Order & Reasons. Accordingly,

**IT IS ORDERED** that the petition of Sherrod Brumfield for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, is hereby **DISMISSED IN PART WITH PREJUDICE AS TIME-BARRED AND IN PART WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**.

New Orleans, Louisiana, this 13th day of June, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**